IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA A. PERRY, | : | |
| | : | Case No. 2:15-CV-2696 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| JULIET BAIRD ALEXANDER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court for consideration of Defendant Juliet Baird Alexander's Objection (Doc. 5) to the Magistrate Judge's **Report and Recommendation.** (Doc. 4.)  On December 3, 2015, the Magistrate Judge issued the Report and Recommendation, recommending that this case be remanded to the Oxford County, Maine, Superior Court.  For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **REMANDS** this action to the Oxford County, Maine, Superior Court.

I.   BACKGROUND

On August 6, 2015, Defendant Alexander, a Rhode Island resident proceeding pro se, filed a notice of removal purporting to remove this case from the Oxford County Superior Court in the State of Maine.  (Doc. 1.)  The action concerns a family dispute relating to a cottage located in Weld, Maine and involves claims for defamation, malicious prosecution, fraudulent transfer, foreclosure, and breach of contract.  Plaintiff also seeks to recover on a promissory note against Defendant Alexander and her husband, Defendant Peter Tinkham.

On August 14, 2015, the Magistrate Judge issued an Order to Show Cause why this action should not be remanded to the Oxford County Superior Court.  (Doc. 2.)  The Magistrate

1

Judge identified a number of deficiencies with the notice of removal, including the failure to include a copy of the complaint and to pay the filing fee.  (*Id.* at 1.)  Most importantly, the Magistrate Judge noted that the case was not initially filed in a state court located within the Southern District of Ohio.  (*Id.*)  Defendant Alexander responded to the Order to Show Cause on August 25, 2015.  (Doc. 3.)  She stated that she never received a copy of the complaint in the state court action and that she intended to request to proceed *in forma pauperis*.  (*Id.* at 1, 6.)  She also stated that she had filed notices of removal of the state-court action to federal courts in the District of Maine, the Northern District of Florida, and the District of Connecticut, and that she considered the Southern District of Ohio to be a fair venue because it is equidistant from where Plaintiffs reside (in Maine and Florida).  (*Id.* at 2.)  She contends that she has a "constitutional right to remove this state case against [her] to the federal district which would be the most impartial as to both geographical location and as to the ability to administer the case with justice."  (*Id.*)

## II.    ANALYSIS

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  The Magistrate Judge concluded that this action could not be removed to this Court because removal to any other jurisdiction than the United States District Court for the District of Maine is a violation of the removal statute.  The Magistrate Judge further pointed out that, contrary to Defendant Alexander's assertions, the right of removal is statutory, not constitutional.  *See Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1030 (D.N.M. 2011) ("Because removal is entirely a statutory right, the relevant procedures to effect removal must be

followed."). Finally, because the typical course of action when a defendant attempts to bypass the removal statute's venue provisions in this manner is to remand the case to state court rather than transferring it to the proper federal district court, the Magistrate Judge recommended that the case be remanded to the Oxford County Superior Court. *See Welgs v. Dolan*, No. 1:11-CV-1241, 2011 WL 3444281, at *2 (N.D. Ohio Aug. 8, 2011).

Defendant Alexander objected to the Magistrate Judge's Report and Recommendation, alleging incompetence and misconduct on the part of various district judges in Maine and further describing the details of her family dispute. (Doc. 5 at 1-5.) Nothing in Defendant's Objection is responsive to the Magistrate Judge's reasoning regarding the removal statute and the impropriety of removing this case to this Court. Therefore, the Court **ADOPTS** the Magistrate Judge's thorough Report and Recommendation in full and **REMANDS** this action to the Oxford County Superior Court.

### III.    CONCLUSION

The Court hereby **ADOPTS** the Report and Recommendation based on its independent consideration of the analysis therein.  Accordingly, this action is **REMANDED** to the Oxford County, Maine, Superior Court.

**IT IS SO ORDERED.**

                s/ Algenon L. Marbley
                **ALGENON L. MARBLEY**
                **UNITED STATES DISTRICT JUDGE**

**DATED: January 7, 2016**