**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAURA A. PERRY,** | : | |
| | : | **Case No. 2:15-CV-2696** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Kemp** |
| **JULIET BAIRD ALEXANDER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Juliet Baird Alexander's Motion for

Reconsideration (Doc. 8) of the Court's January 7, 2016 Order adopting the Magistrate Judge's

December 3, 2015 Report and Recommendation and remanding this case to the Oxford County,

Maine, Superior Court.  (Doc. 6.)  For the reasons that follow, the Court **DENIES** the Motion.

**I.        BACKGROUND**

On August 6, 2015, Defendant Alexander, a Rhode Island resident proceeding pro se,

filed a notice of removal purporting to remove this case from the Oxford County Superior Court

in the State of Maine.  (Doc. 1.)  The action concerns a family dispute relating to a cottage

located in Weld, Maine and involves claims for defamation, malicious prosecution, fraudulent

transfer, foreclosure, and breach of contract.  Plaintiff also seeks to recover on a promissory note

against Defendant Alexander and her husband, Defendant Peter Tinkham.

On August 14, 2015, the Magistrate Judge issued an Order to Show Cause why this

action should not be remanded to the Oxford County Superior Court.  (Doc. 2.)  Defendant

Alexander responded to the Order to Show Cause on August 25, 2015, stating that she had filed

notices of removal of the state-court action to federal courts in the District of Maine, the

1

Northern District of Florida, and the District of Connecticut, and that she considered the Southern District of Ohio to be a fair venue because it is equidistant from where Plaintiffs reside (in Maine and Florida).  (Doc. 3 at 2.)  She contended that she has a "constitutional right to remove this state case against [her] to the federal district which would be the most impartial as to both geographical location and as to the ability to administer the case with justice."  (*Id.*)

The Magistrate Judge concluded that Defendant could not remove this action to this Court because removal to any jurisdiction other than the United States District Court for the District of Maine would violate the removal statute, 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  The Magistrate Judge recommended that this matter be remanded to state court.  Defendant objected to the Report and Recommendation and, finding her objection non-responsive to the Magistrate Judge's Report and Recommendation, this Court adopted the Report and Recommendation and remanded this case to the Oxford County Superior Court.

Defendant moved for reconsideration, incorporating her arguments from her earlier response to the Magistrate Judge's Order to Show Cause and also arguing, again, that she has a constitutional right to remove her case to this Court.  (Doc. 8 at 1-3.)

## II.	STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates:  (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law."  *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.

Supp. 2d 895, 900 (S.D. Ohio 2003).  A judgment also may be altered or amended when necessary "to prevent manifest injustice."  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  A motion under Rule 59(e), however, is not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier.  *See J.P. v. Taft*, No. C2-04-692, 2006 WL 689091, at \*3 (S.D. Ohio Mar. 15, 2006).  A finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim.  *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at \*2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).

### III.    ANALYSIS

Defendant's motion for reconsideration entirely reiterates her previous argument that she has a constitutional right to removal of this action.  That is not the case.  *See Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1030 (D.N.M. 2011) ("Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed.").  She raises no newly discovered evidence nor points to any error of law by the Court or intervening change in controlling law.  Nor has she shown that manifest injustice will result from remand; rather, she has simply reargued issues that were not previously successful.  *See Render v. Forest Park Police Dep't*, No. 1:07-CV-489, 2009 WL 2168783, at \*1 (S.D. Ohio July 16, 2009).

### IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion for Reconsideration.

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 13, 2016**

3